JOHN D. BURGESS and Wife *v.* DANIEL WILKINSON and others.

After the closing of testimony, taken orally before a master in chancery, and the submission of his draft report to the parties, he has no power to reopen the case for further testimony, without a special order of the court; which will be made only upon the ground of surprise, and under the same circumstances which would induce the court to make such an order, after publication has passed, and before hearing.

EXCEPTION to the report of a master in chancery, that he had refused, upon the motion of the complainants, to reopen the case for the taking of further testimony.

It appeared from the report of the master, that the testimony, which was taken orally before him, had been closed, the complainant, John D. Burgess, declaring to the master that he had no more testimony to offer, and, particularly, that he did not wish to produce the testimony of his wife to the claim which was pre-

tended by her before the master ; that upon the presentation and reading of the draft report to the parties, which was adverse to the above claim, the counsel for the complainants moved to re-open the case, for the purpose of taking the testimony of his wife and others, in further proof of her claim. This motion, after hearing the parties, the master refused, upon the grounds, that the testimony was not newly discovered, was cumulative, and that the case had been closed for the taking of testimony after the above declaration to him made on the part of the complain-ants ; whereupon, the complainants excepted to the master's report, and at this term brought their exception to hearing.

*T. A. Jenckes, for complainants.*

*John F. Tobey, for respondents.*

AMES, C. J.    After publication of the testimony taken before him, a master cannot receive an examination of witnesses, without a special order of the court ; and this will only be granted upon the ground of surprise, and under the same circumstances that would induce the court to make such an order after publication has passed, before hearing.    2 Daniel. Ch. Pract. 1389.    The same restrictions apply where the master examines witnesses, *viva voce*, under the 69th order of 1828.    *Trotter* v. *Trotter*, 5 Sim. 338.

In any sense in which we may understand, in our practice, what is a publication of testimony, taken orally before the master, it must have passed under the facts disclosed in this case, and before the submission of the draft report to the parties ; and the master could not, and the court would not, reopen the case for further testimony, not newly discovered, where the testimony had been closed, without mistake or surprise, with the assent of all parties.